UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ANDERSON JOSEPH,

        Plaintiff,

    - against -

KIRBY FORENSIC PSYCHIATRIC
CENTER,

        Defendant.
------------------------------------------------------x
ANDERSON JOSEPH,

        Plaintiff,

    - against -

DEPARTMENT OF PROBATION,

        Defendant.
------------------------------------------------------x
ANDERSON JOSEPH,

        Plaintiff,

    - against -

MTA NYC TRANSIT,

        Defendant.
------------------------------------------------------x
ANDERSON JOSEPH,

        Plaintiff,

    - against -

H. STARK,

        Defendant.

**MEMORANDUM & ORDER**
21-CV-1688 (PKC) (PK)

21-CV-1689 (PKC) (PK)

21-CV-1696 (PKC) (PK)

21-CV-2136 (PKC) (PK)

1

-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Anderson Joseph brings these four *pro se* actions under 42 U.S.C. § 1983 ("Section 1983").[1] The actions are consolidated solely for the purpose of this Order. Plaintiff's requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 are granted. For the reasons discussed below, the Complaints are dismissed.

## LEGAL STANDARD

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the compliant are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004) ("[A] court is obliged to construe [*pro se*] pleadings liberally, particularly when they

---

[1] The Court notes that in recent weeks, Plaintiff has filed 19 other cases against various individuals, organizations, and entities based on allegations that are unrelated to the allegations set forth in the Complaints associated with the cases captioned herein. *See Joseph v. Nassau Cnty. Dep't of Prob.*, No. 21-CV-1690 (PKC) (PK); *Joseph v. Supreme Ct. of the State of N.Y.*, No. 21-CV-1685 (PKC) (PK); *Joseph v. Legal Aid Soc'y*, No. 21-CV-1686 (PKC) (PK); *Joseph v. N.Y.C. Police Dep't*, No. 21-CV-1687 (PKC) (PK); *Joseph v. Row Hotel*, No. 21-CV-1691 (PKC) (PK); *Joseph v. Children's Rescue Fund*, No. 21-CV-1692 (PKC) (PK); *Joseph v. Landing Fam. Shelter*, No. 21-CV-1693 (PKC) (PK); *Joseph v. Spring Fam. Residence*, No. 21-CV-1694 (PKC) (PK); *Joseph v. Hollis Fam. Residence*, No. 21-CV-1695 (PKC) (PK); *Joseph v. Jamaica Hosp. Med. Ctr.*, No. 21-CV-2137 (PKC) (PK); *Joseph v. Mount Sinai Queens*, No. 21-CV-2139 (PKC) (PK); *Joseph v. NYU Langone Med. Bus. Off.*, No. 21-CV-2140 (PKC) (PK); *Joseph v. Queens Hosp. Ctr.*, No. 21-CV-2141 (PKC) (PK); *Joseph v. Wells Fargo Bank*, No. 21-CV-2810 (PKC) (PK); *Joseph v. TD Bank*, No. 21-CV-2811 (PKC) (PK); *Joseph v. Ridgewood Sav. Bank*, No. 21-CV-2812 (PKC) (PK); *Joseph v. CMJ Mgmt. Inc.*, No. 21-CV-2813 (PKC) (PK); *Joseph v. Chase Bank*, No. 21-CV-2814 (PKC) (PK); *Joseph v. Bank of Am.*, No. 21-CV-2816 (PKC) (PK).

allege civil rights violations."). "If [a] liberal reading of the complaint 'gives any indication that a valid claim might be stated,' the Court must give the plaintiff an opportunity to amend the complaint." *Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616 (PKC) (PK), 2019 WL 1675999, at *2 (E.D.N.Y. Apr. 16, 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## BACKGROUND

In his Complaint against Kirby Forensic Psychiatric Center ("Kirby Forensic"), Plaintiff alleges that on March 3, 2014, when he was at Kirby Forensic, "the staff was great to [him], but they beat[] other clients for bad behavior." (No. 21-CV-1688, Dkt. 1, at 3–4.) Other than this, Plaintiff states that the food was good, the facilities were clean, and it was "a great place for [a] mental evaluation." (*Id.* at 4.) Plaintiff claims "[n]o injuries" and seeks no monetary damages, but wants Kirby Forensic to use methods other than force for clients with "bad behavior." (*Id.* at 4–5.)

In his Complaint against the New York City Department of Probation[2] (the "Department" or "Department of Probation"), Plaintiff alleges that on June 25, 2015, the Department

---

[2] The Court assumes that "Department of Probation," which Plaintiff identifies as located at 162-24 Jamaica Avenue, Jamaica, New York 11432 (No. 21-CV-1689, Dkt. 1, at 1), refers to New York City Probation, which has an office at that address. *See Locations*, *NYC Probation*,

3

"discriminate[d] [against] [him] and treat[ed] [him] different[ly] by using the[ir] voice on [him]." (No. 21-CV-1689, Dkt. 1, at 3.) Plaintiff also alleges that the Department treated him "like animals by using the[ir] voice," called him "mental," "didn't respect [him] as a person," and told him "to do unnecessary things," and that the probation officers were generally "not professional," with the exception of "[his] probation officer[,] [who] was very professional." (*Id.* at 4.) Plaintiff alleges that he felt depression, anxiety, and stress every time he had an appointment, and seeks $100 million in monetary damages for pain and suffering. (*Id.* at 4–5.)

In his Complaint against MTA New York City Transit ("MTA Transit"), Plaintiff alleges that from 1999 to March 21, 2021, he felt discriminated against and disrespected because the bus drivers made him miss his stop, verbally abused him, and sometimes arrived late. (No. 21-CV-1696, Dkt. 1, at 3–4.) Plaintiff alleges "[n]o injuries," but asserts that the verbal abuse was very stressful. (*Id.* at 4.) He seeks $12 million in damages for the alleged discrimination. (*Id.* at 5.)

Finally, in his Complaint against "H. Stark,"[3] Plaintiff alleges that on March 23, 2021, he was discriminated against and verbally abused, and that he experienced "bad customer service," including having to stand around waiting for one hour, when he made an application of some kind at H. Stark. (No. 21-CV-2136, Dkt. 1, at 3–4.) Plaintiff seeks $5 million in damages. (*Id.* at 5.)

## DISCUSSION

**I.   42 U.S.C. § 1983**

Section 1983 provides that

---

NYC, https://www1.nyc.gov/site/probation/about/covid-19-locations.page (last visited June 2, 2021).

[3] Although it is not clear from the face of the Complaint who or what "H. Stark" is, it appears that Plaintiff may be referring to "H. Stark Contracting," which is located at the address provided in the Complaint: 197-30 Jamaica Avenue, Hollis, New York. (No. 21-CV-2136, Dkt. 1, at 1). *See H. Stark Contracting*, BUILDZOOM, https://www.buildzoom.com/contractor/h-stark-contracting-corp (last visited June 10, 2021).

4

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *accord Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."). To state a claim under Section 1983, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)).

To start, Plaintiff does not have standing to bring his action against Kirby Forensic because he does not allege that Kirby Forensic caused him to suffer any injury—in fact, Plaintiff largely praises Kirby Forensic for how he was treated at their center. He complains only about the staff's treatment of others at the center. The jurisdiction of federal courts is limited to "Cases" or "Controversies." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." *Id.* (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)). To satisfy the "injury in fact" element, a plaintiff must have suffered "an invasion of a legally protected interest" that is "concrete and particularized," meaning "that the injury must affect the plaintiff *in a personal and individual way*." *Lujan*, 504 U.S. at 560, 560 n.1 (emphasis added). Thus, "[s]tanding to sue, in the Constitutional sense, 'is the showing by a plaintiff that his particular grievance meets this standard, the "essence" of which is the

5

presence of "injury in fact" suffered by the plaintiff as a result of the defendant's actions.'" *Brady v. Basic Rsch., L.L.C.*, 101 F. Supp. 3d 217, 227 (E.D.N.Y. 2015) (quoting *Evans v. Lynn*, 537 F.2d 571, 591 (2d Cir. 1975)). Here, Plaintiff unequivocally states that he, himself, has suffered no harm or injury as a result of actions of Kirby Forensic, and seeks only to vindicate the rights of *other persons* whom he alleges were abused. Accordingly, Plaintiff has failed to satisfy the "injury in fact" element of standing, and consequently, the Court lacks jurisdiction over his claims against Kirby Forensic. *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines." (alteration, internal quotation marks, and citation omitted)). The Complaint against Kirby Forensic is dismissed.

Next, Plaintiff's claims against the New York City Department of Probation also must be dismissed. The New York City Charter states that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter, ch. 17, § 396. Therefore, as an agency of the City, the Department of Probation is not a suable entity. *See Coleman v. City of New York*, No. 08-CV-5276 (DLI) (LB), 2009 WL 909742, at *2 (E.D.N.Y. Apr. 1, 2009) (collecting cases). The Complaint against the Department of Probation is dismissed.

Furthermore, even if Plaintiff had named the proper party with respect to his claim against the Department of Probation, the Complaint would still have to be dismissed for failing to state a claim. Although Plaintiff's allegations are vague and conclusory, he claims, in substance, that the Department was verbally abusive, disrespectful, and/or insulting or demeaning. However inappropriate such conduct was, assuming the truth of Plaintiff's assertions, it does not rise to the level of a constitutional violation. Plaintiff also does not allege any facts suggesting discrimination.

6

Finally, Plaintiff's actions against both MTA Transit and H. Stark[4] must be dismissed because allegations that a bus arrived late, that a bus driver made Plaintiff miss his stop, or that Plaintiff received bad customer service simply do not rise the level of federal constitutional or statutory violations. Furthermore, Plaintiff does not provide any facts to support his conclusory allegations of discrimination by these Defendants. A complaint that offers nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or that "tenders naked assertions devoid of further factual enhancement" is insufficient. *Iqbal*, 556 U.S. at 678 (alteration, internal quotation marks, and citations omitted). Accordingly, even on a liberal reading, these Complaints must be dismissed for failing to state a claim upon which relief can be granted.

## II.     Denial of Leave to Amend

As discussed, the Court has a duty to give a *pro se* plaintiff the opportunity to amend his complaint if a "liberal reading of the complaint 'gives any indication that a valid claim might be stated[.]'" *Nelson-Charles*, 2019 WL 1675999, at *2 (quoting *Cuoco*, 222 F.3d at 112). However, where it would be futile to do so because the claims are fundamentally invalid, the Court may deny the plaintiff this opportunity. *See Cuoco*, 222 F.3d at 112 ("The problem with [the plaintiff]'s causes of action is substantive; better pleading will not cure it. Repleading would thus be futile."); *accord Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order). The Court finds that it would be futile to allow Plaintiff to re-plead the claims asserted in these four actions, and therefore declines to grant him the opportunity to file amended complaints in any of these actions.

---

[4] Further, in the event H. Stark is a private entity, Plaintiff's claim likely fails to satisfy the requirement of Section 1983 that the alleged conduct at issue was "committed by a person acting under color of state law." *Cornejo*, 592 F.3d at 127.

### III.     Filing Injunction Warning

The federal courts have limited resources. Frequent frivolous filings diminish the ability of the federal courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted).

Plaintiff is warned that the future filing of vexatious and frivolous litigation by him may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking IFP status without first obtaining permission from the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

The Complaints filed in the above-captioned cases are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is respectfully directed to enter judgments and terminate the above-captioned cases.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore IFP status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 16, 2021
Brooklyn, New York